STEVEN H. BURKE, ESQ.
Nevada Bar No. 14037
LAW OFFICE OF STEVEN H. BURKE, LLC
D.B.A. THE 808 FIRM
9205 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
Email: stevenburkelaw@gmail.com

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| DARREN JARDINE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>YAMADA AND SONS, INC.; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendant. | Case No.<br><br>**COMPLAINT WITH JURY DEMAND** |

### **COMPLAINT**

COMES NOW Darren Jardine ("Plaintiff" or "Mr. Jardine"), by and through his attorney, Steven H. Burke, Esq. of Law Office of Steven H. Burke, and hereby files his Complaint and complains of Defendant Yamada and Sons, Inc. ("Defendant" or "Yamada") as follows:

### **PARTIES, JURISDICTION AND VENUE**

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue are based upon federal and state law.

3. This action is a civil action of which this Court has original subject matter jurisdiction under 28 U.S.C. §1331 in that Plaintiff asserts claims against Defendant under 42 U.S.C. §12112 on Discrimination, 42 U.S.C. §2000e, Equal Employment Opportunities, and 42 U.S.C. §12203, prohibition against retaliation and coercion.

4.  This court also has jurisdiction over the counts of this action pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States and 28 U.S.C § 1332 because Plaintiff is a citizen of a different state from all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  Plaintiff is an individual residing in Clark County, Nevada.

6.  At all times relevant, Defendant is and was a Corporation incorporated under the laws of the State of Hawaii.

7.  Plaintiff, Mr. Jardine is a citizen of the state of Nevada and Defendant, Yamada is a citizen of the state of Hawaii for purposes of diversity of citizenship. The diversity of citizenship requirement is met. *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014).

8.  At all times relevant, Defendant had custody and/or control over Plaintiff and his employment, and Defendant was responsible for Plaintiff's labor and employment matters.

9.  At all times relevant, Plaintiff was an employee of Defendant as that term is defined in 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

10. At all times relevant, Defendant was Plaintiff's employer as that term is defined in 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

11. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Amended Complaint to show their true names and capacities when ascertained.

12. Plaintiff hereby demands a jury trial on all issues triable by jury herein.

## PROCEDUARL REQUIREMENTS

13. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charge of discrimination with the Hawaii Civil Rights Commission on or about March 24, 2020. *See* a true and correct copy of Plaintiff's Charge

of Discrimination attached hereto as **Exhibit 1**.

14. On or about September 22, 2020, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue. *See* a true and correct copy of Plaintiff's Right to Sue attached hereto as **Exhibit 2**.

## FACTUAL ALLEGATIONS

15. On or about July 1, 2015, Mr. Jardine began his employment with Defendant as a cement truck driver.

16. At all times relevant, Mr. Jardine was an exemplary employee while employed by Defendant.

17. Mr. Jardine's family moved to Las Vegas in 2019, so Mr. Jardine took vacation time and received an approved leave of absence to be with his family in late 2019.

18. During this time, Mr. Jardine fell ill in Las Vegas, Nevada, which required an emergency medical procedure in December, 2019.

19. On or about December 30, 2019, Mr. Jardine notified Yamada of his medical condition and requested paperwork to submit a claim for temporary disability insurance ("TDI"), which was approved.

20. Prior to December 31, 2019, Mr. Jardine called his supervisor, Royden Crivello ("Mr. Crivello") and communicated to him that he had a surgery in Las Vegas, which required him to go on temporary disability.

21. Additionally, prior to December 31, 2019, Mr. Jardine notified Yamada's main office and spoke to Midori Matsuo, who helped Mr. Jardine process his TDI claim.

22. Mr. Jardine followed-up with Mr. Crivello on January 27, 2020, which was his scheduled return to work date, and notified him that he was still out on TDI and recovering from surgery.

23. Subsequent to his surgery, Mr. Jardine was on a wound vac machine that was required to be attached to him all hours of the day and required him to be laying on his side in a bed. As such, Mr. Jardine was not able to return to work on January 27, 2020, which he communicated to Yamada.

24. While on TDI medical leave, on or about January 27, 2020, Yamada terminated Mr. Jardine, despite Mr. Jardine being in constant contact with Yamada.

25. On or about February 12, 2020, Mr. Jardine participated in a telephone conference with Yamada and Mr. Jardine's union representative, George Martin. During this meeting, Mr. Jardine communicated to Yamada that it was his intention to return to work once he was medically cleared and physically able to return to work.

26. Defendant's termination of Mr. Jardine occurred while Mr. Jardine was on a documented medical leave.

27. Yamada was aware of Mr. Jardine's medical condition, yet did not offer any accommodations for his return to work.

28. Defendant's proffered reason of terminating Mr. Jardine was that he failed to communicate his return to work, so he voluntarily resigned.

29. Mr. Jardine should have still been considered an employee of Yamada when he was released by his doctors to return to work, which was March 17, 2020.

30. Upon information and belief, Yamada allowed other employees to return to work after being on medical leave.

31. Mr. Jardine understood Yamada's acts as stereotypical and discriminatory on the basis of his disability.

32. Defendant's proffered reason for termination was pretextual.

33. After terminating Mr. Jardine, Yamada made derogatory comments about Mr. Jardine to Yamada's employees.

34. Yamada terminated Mr. Jardine just a short time before his time would have become vested with Yamada, so Mr. Jardine would have received retirement benefits.

35. As a result of Yamada terminating Mr. Jardine, Mr. Jardine lost medical benefits and was required to pay for the medical services associated with his medical condition, which was the reason why he was required to take a medical leave.

/ / /

/ / /

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION/HARASSMENT
## 42 U.S.C. § 12101 *et seq.* / NRS § 613.330

36. Mr. Jardine hereby realleges and incorporates each and every allegation previously made herein.

37. Mr. Jardine has a documented disability.

38. Mr. Jardine was an exemplary employee and qualified for his position.

39. Despite his qualifications, Defendant, through the actions of its agents as more fully set forth above, subjected Mr. Jardine to adverse employment actions, including, but not limited to, harassing Mr. Jardine based on his disability and by discriminating against and eventually terminating Mr. Jardine on the basis of his disability.

40. Defendant, through its agents, participated in conduct that was degrading to Mr. Jardine. Such conduct had the purpose or effect of creating an intimidating, hostile, and offensive work environment, and had the purpose or effect of unreasonably interfering with Mr. Jardine's work performance.

41. The acts and/or omissions of Defendant and its agents complained of herein are in violation of 42 U.S.C. § 12101 *et seq.*

42. The acts and/or omissions of Defendant and its agents complained of herein are in violation of NRS § 613.330 *et seq.*

43. As a direct and proximate result of Defendant's unlawful activity, Mr. Jardine has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

44. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Mr. Jardine and, thus, Mr. Jardine is entitled to punitive damages with respect to his claim.

45. As a result of Defendant's conduct, as set forth herein, Mr. Jardine has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

/ / /

## SECOND CAUSE OF ACTION
## RETALIATION
**42 U.S.C. § 12203 / 42 U.S.C. § 12101e *et seq*. / NRS § 613.340**

46. Mr. Jardine hereby realleges and incorporates each and every allegation previously made herein.

47. As set forth more fully above, Defendant retaliated against Mr. Jardine when he opposed discrimination and unlawful conduct, in good faith, as detailed in his internal complaint(s) and/or discussion(s) with Defendant.

48. There exists a temporal proximity in relation to Mr. Jardine's complaints of unlawful discrimination and Mr. Jardine's resulting termination.

49. Defendant subjected Mr. Jardine to undeserved disciplinary conduct and eventual termination in close proximity after Mr. Jardine complained to Defendant of discriminatory behavior and requested reasonable accommodations.

50. Defendant retaliated against Mr. Jardine when he opposed discrimination and unlawful conduct by terminating Mr. Jardine and subjecting him to harassing behavior.

51. Defendant's termination of Mr. Jardine constituted a retaliatory discharge in violation of 42 U.S.C. § 12203, 42 U.S.C. § 12101 *et seq*., and NRS § 613.340.

52. By taking these adverse actions, Defendant has engaged in discriminatory practices with malice and/or with reckless disregard to Mr. Jardine's protected rights. As a result, Mr. Jardine has been damaged.

53. As a direct and proximate result of Defendant's unlawful activity, Mr. Jardine has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

54. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Mr. Jardine is entitled to an award of exemplary or punitive damages.

55. As a result of Defendant's conduct, as set forth herein, Mr. Jardine has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

56. Mr. Jardine hereby realleges and incorporates each and every allegation previously made herein.

57. Defendant breached its duty of reasonable care to protect Mr. Jardine from the negligent and/or careless actions of their own agents, officers, employees, customers and others.

58. Defendant breached its duty of reasonable care by hiring individuals with a propensity towards committing unlawful acts against Mr. Jardine.

59. Defendant breached its duty of reasonable care by failing to adequately train and supervise their employees by with lawful policies and procedures of discrimination, harassment, and retaliation.

60. As a direct and proximate result of Defendant's conduct described hereinabove, Mr. Jardine has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

61. As a result of Defendant's conduct, as set forth herein, Mr. Jardine has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

62. Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Mr. Jardine is entitled to an award of exemplary or punitive damages

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For general damages in excess of $75,000.00;
2. For special damages;
3. For consequential damages;
4. For punitive damages;
5. For attorneys' fees and costs incurred in this action; and
6. Such other and further relief as the Court may deem just and proper.

DATED this 21st day of December, 2020.

                                                           LAW OFFICE OF STEVEN H. BURKE

By:   */s/ Steven H. Burke*
        STEVEN H. BURKE, ESQ.
        Nevada Bar No.: 14037
        9205 W. Russell Rd., Ste. 240
        Las Vegas, Nevada 89148
        T: 702-793-4369 | F: 702-793-4301
        Email: stevenburkelaw@gmail.com
        *Attorney for Plaintiff*