# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN JARDINE,<br>  Plaintiff(s),<br>v.<br>YAMADA AND SONS, INC.,<br>  Defendant(s). | Case No. 2:20-cv-02314-JCM-EJY<br>**Order Vacating Early Neutral Evaluation** |

This case is set for an early neutral evaluation to be held on May 26, 2022. Docket No. 17. The parties have submitted confidential statements in conjunction with the early neutral evaluation. The evaluating magistrate judge has wide discretion regarding the early neutral evaluation and may exempt any case from the early neutral evaluation program *sua sponte*. Local Rule 16-6(c). Given the circumstances of this case, the undersigned declines to hold an early neutral evaluation at this time.

First, it is critical to the success of an early neutral evaluation that initial disclosures have been provided, including most significantly the computation of damages. As a result, the order setting the early neutral evaluation requires a certification that initial disclosures have been exchanged. Docket No. 17 at 2. Although the defense has certified to making its initial disclosures, Plaintiff indicates that initial disclosures have not been made.[1]

---

[1] This failure is puzzling. Defendant filed a motion to dismiss on February 16, 2022. Docket No. 12. Counsel were required to hold the Rule 26(f) conference within 30 days of that appearance. Local Rule 26-1(a). Initial disclosures are generally due within 14 days of that conference. Fed. R. Civ. P. 26(a)(1)(C). Hence, the default schedule for providing initial disclosures has long ago expired, so it is unclear why Plaintiff has not served them. It is similarly unclear why the parties have not filed a proposed discovery plan, which was due within 14 days of the Rule 26(f) conference. Local Rule 26-1(a).

1

Second, it should not be the situation that parties proceed to an early neutral evaluation without themselves having discussed settlement following the filing of the complaint. If nothing else, counsel were required to have that discussion during the Rule 26(f) conference within 30 days of the defendant's first appearance in the case. Fed. R. Civ. P. 26(f)(2) (the parties' responsibilities at the Rule 26(f) conference include discussing "the possibilities for promptly settling or resolving the case"); *see also* Local Rule 26-1(a). It is not clear why the attorneys in this case have not picked up the telephone to talk to one another about settling without the need for the expenditure of further party expenses or judicial resources.[2]

In short, it does not appear that the parties have fulfilled their obligations in this case that provide the groundwork necessary for a productive early neutral evaluation. Given those circumstances, the undersigned declines to hold an early neutral evaluation at this juncture. If the parties comply with their obligations under the rules and believe an early neutral evaluation would be beneficial, they must promptly file a stipulation for the Court to hold one.

IT IS SO ORDERED.

Dated: May 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Based on Plaintiff's settlement offers at the EEOC and the initial offer for the early neutral evaluation identified by Defendant in its confidential statement, it would seem that counsel may well be able to reach a settlement without further expenditure of party or judicial resources.